## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LeeAnne Knaus<br>Gregory L Knaus<br><div align="right">Debtor(s)</div> | CHAPTER 13 |
| Wilmington Savings Fund Society, FSB, d/b/a<br>Christiana Trust, not individually but as trustee for<br>Pretium Mortgage Acquisition Trust<br><div align="center">Moving Party</div><br>vs. | NO. 17-13643 REF |
| LeeAnne Knaus<br>Gregory L Knaus<br><div align="right">Debtor(s)</div> | 11 U.S.C. Section 362 |
| Frederick L. Reigle Esq.<br><div align="right">Trustee</div> | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.     The post-petition arrearage on the mortgage held by the Movant on the Debtors'

residence is **$6,454.00,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | August 1, 2017 to November 1, 2017 at $1,355.75/month |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$6,454.00** |

2.     The Debtor(s) shall cure said arrearages in the following manner:

a). Within seven (7) days of the filing of this Stipulation, Debtor(s) shall file an

Amended Chapter 13 Plan to include the post-petition arrears of **$6,454.00.**

b). Movant shall file an Amended or Supplemental Proof of Claim to include the

post-petition arrears of **$6,454.00** along with the pre-petition arrears;

c). The new 410A form for a Proof of Claim shall not be required for this Amended

or Supplemental Proof of Claim.

3.     Beginning with the payment due December 1, 2017 and continuing thereafter,

Debtor(s) shall pay to Movant the present regular monthly mortgage payment of $1,355.75 (or as

adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with

late charges being assessed after the 15th of the month).

4.     Should Debtor(s) provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5.     In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor(s) and Debtors' attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6.     If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7.     If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8.     The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9.     The parties agree that a facsimile signature shall be considered an original signature.

Date:    November 9, 2017

By: */s/ Rebecca A. Solarz*
Rebecca A. Solarz, Esquire
Attorney for Movant
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106-1532
(215) 627-1322 FAX (215) 627-7734

Date: December 12, 2017

George M. Lutz, Esquire
Attorney for Debtors

Date _____

Frederick L. Reigle
Chapter 13 Trustee          12/13/17

Approved by the Court this _____ day of _____, 2017.  However, the court retains discretion regarding entry of any further order.


_____
Bankruptcy Judge
Richard E. Fehling