United States Bankruptcy Court
Eastern District of Pennsylvania

In re:
Gregory L Knaus
LeeAnne Knaus
    Debtors

Case No. 17-13643-ref
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0313-4    User: dlv    Page 1 of 1    Date Rcvd: Dec 15, 2017
                            Form ID: pdf900    Total Noticed: 2

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 17, 2017.
db/jdb        Gregory L Knaus,   LeeAnne Knaus,   5040 Faith Circle,   Allentown, PA 18106-9499

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
cr        +E-mail/PDF: gecsedi@recoverycorp.com Dec 16 2017 01:21:12     Synchrony Bank,
       c/o PRA Receivables Management, LLC,   PO Box 41021,   Norfolk, VA 23541-1021
                                                                                                                                TOTAL: 1

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                                                                               TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 17, 2017                                                           Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 15, 2017 at the address(es) listed below:
              FREDERICK L. REIGLE   ecfmail@fredreiglech13.com,   ecf_frpa@trustee13.com
              GEORGE M. LUTZ   on behalf of Joint Debtor LeeAnne  Knaus glutz@hvmllaw.com,
               amerkey@hvmllaw.com;r49419@notify.bestcase.com
              GEORGE M. LUTZ   on behalf of Debtor Gregory L Knaus glutz@hvmllaw.com,
               amerkey@hvmllaw.com;r49419@notify.bestcase.com
              LISA MARIE CIOTTI   on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com,
               ecf_frpa@trustee13.com
              MATTEO SAMUEL WEINER   on behalf of Creditor   Wilmington Savings Fund Society, FSB et al....
               bkgroup@kmllawgroup.com
              REBECCA ANN SOLARZ   on behalf of Creditor   Wilmington Savings Fund Society, FSB et al....
               bkgroup@kmllawgroup.com
              United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
                                                                                                              TOTAL: 7

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LeeAnne Knaus<br>Gregory L Knaus<br>　　　　Debtor(s) | CHAPTER 13 |
| Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust<br>　　　　Moving Party<br>vs. | NO. 17-13643 REF |
| LeeAnne Knaus<br>Gregory L Knaus<br>　　　　Debtor(s) | 11 U.S.C. Section 362 |
| Frederick L. Reigle Esq.<br>　　　　Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtors' residence is **$6,454.00,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | August 1, 2017 to November 1, 2017 at $1,355.75/month |
| Fees & Costs Relating to Motion: | $1,031.00 |
| **Total Post-Petition Arrears** | **$6,454.00** |

2. The Debtor(s) shall cure said arrearages in the following manner:

　　　a). Within seven (7) days of the filing of this Stipulation, Debtor(s) shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$6,454.00.**

　　　b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$6,454.00** along with the pre-petition arrears;

　　　c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the payment due December 1, 2017 and continuing thereafter, Debtor(s) shall pay to Movant the present regular monthly mortgage payment of $1,355.75 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4. Should Debtor(s) provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor(s) and Debtors' attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:   November 9, 2017

By: /s/ Rebecca A. Solarz
Rebecca A. Solarz, Esquire
Attorney for Movant
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106-1532
(215) 627-1322  FAX (215) 627-7734

Date: December 12, 2017

George M. Lutz, Esquire
Attorney for Debtors

Date _____

Frederick L. Reigle
Chapter 13 Trustee

12/13/17

Approved by the Court this 15 day of December, 2017. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Richard E. Fehling